## Hill's Estate.

*Decedents' estates—Administrators—Surcharge — Findings of fact—Appeals.*

Where the Orphans' Court has surcharged an administrator with money improperly paid out by him, consisting of attorney's fees not earned, and money paid to a third person under an alleged agreement with a beneficiary of the estate, and for interest on bal-

ances in bank which he had failed to invest, and other similar items, upon evidence sufficient to sustain the findings, an appeal from its decree will be dismissed.

Argued April 19, 1913. Appeal, No. 359, Jan. T., 1912, by William C. Whiteside, Administrator d. b. n. of Mary C. Hill and Winfield S. Hill, deceased, from decree of O. C. Lancaster Co., Feb. T., 1902, No. 72, dismissing exceptions to adjudication in the Estates of Mary C. Hill and John T. Hill, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Appeal dismissed.

Exceptions to adjudication. Before SMITH, P. J.

At the audit the accountant was surcharged with $50.00, which he had paid to himself "for expenses in attending court and services as witness," there being no proof of any unusual attendance or services; with $75.00, of $100.00 paid by him to an attorney for stating the account, it appearing that the stating of the account consisted merely in copying three pages of items from a book; with $100.00 paid for professional services to an attorney, where it appeared that he had already been paid for the same services; with $11.00 costs in a suit in which the accountant was successful, and which he should have recovered from his opponent; with interest amounting to $966.00, representing interest on balances in his hands which he had failed to invest, and with $400.00 paid out by the accountant as administrator, on account of an alleged agreement made by the payee with one of the beneficiaries of the estate for whom the accountant was guardian. Exceptions to the adjudication were dismissed. Accountant appealed.

*Error assigned* was in dismissing the exceptions.

*B. F. Davis,* for appellant.

*W. U. Hensel,* for appellee.

PER CURIAM, June 27, 1913:

It will serve no good purpose to recite the undisputed facts upon which the court below surcharged the appellant. It is sufficient to say they left him no escape from the decree made. Every opportunity was given him to relieve himself, if he could, from the consequences which have resulted from his unfaithfulness as trustee, but he failed to do so, and the decree must, therefore, be affirmed.

Appeal dismissed at appellant's costs.